

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-17-2006

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4399

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wang v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1562.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1562

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-4399

———

ZE FENG WANG,

Petitioner

v.

ALBERTO R. GONZALES, Attorney General
of the United States

Respondent

———

On Petition for Review from the United States Department of Justice
Board of Immigration Appeals
(BIA No. A77 994 125)

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
January 31, 2006

Before: McKEE, VAN ANTWERPEN, and SILER,[*] Circuit Judges.

(Filed February 17, 2006)

———

OPINION OF THE COURT

———

_____

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, United States
Court of Appeals for the Sixth Circuit, sitting by designation.

SILER, *Circuit Judge*.

Petitioner Ze Feng Wang petitions this court for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of relief under Article 3 of the Convention Against Torture. *See* 8 C.F.R. § 208.16. He argues that (1) the IJ erred in its adverse credibility finding, (2) the IJ incorrectly decided the case, and (3) the BIA improperly affirmed summarily the decision of the IJ. For the following reasons, we DENY the petition.

## BACKGROUND

Wang, a native and citizen of China, arrived in the United States in 2001 without valid entry documents and was placed in removal proceedings. After removability was established in a hearing before an IJ, Wang applied for protection under Article 3 of the Convention Against Torture; however, he did not request asylum or withholding of removal. In submitting his application, he did not claim any past persecution by the Chinese government, but claimed that since he had left China illegally he feared that he would be severely persecuted should he return to that country. Wang's stated reason for leaving China was the "economic problems" he was facing relating to various debts he owed.

In 2003, the IJ denied Wang's application for relief stating that Wang had "failed to meet his burden to establish that it is more likely than not that he or anyone in his family or anyone else would be tortured on his return to China." In 2004, the BIA affirmed, without opinion, the IJ's decision pursuant to the streamlining regulation contained in 8 C.F.R. § 1003.1(e)(4).

## IV.  DISCUSSION

### A.  Negative Credibility Finding

Wang first claims that the IJ abused its discretion in finding him to be an incredible witness.

-1-

Normally, an IJ's adverse credibility determination, like other factual findings, is reviewed for substantial evidence. *See Butt v. Gonzales*, 429 F.3d 430, 433 (3d Cir. 2005). However, a substantial evidence inquiry is not required here since the IJ made no adverse credibility finding as to Wang. As the IJ stated, "The Court does not doubt the testimony the respondent has given." The only question in the IJ's mind was the extent to which the information Wang had received was reliable. As this shows, the IJ accepted Wang's assertion as the truth, but ultimately found that even assuming truthfulness Wang had failed to meet his burden of proof. Therefore, Wang's adverse credibility challenge fails.

**B. IJ's Denial of Relief**

Wang also alleges that the IJ decided the case incorrectly.[1] Specifically, Wang notes that the IJ "ignored the overall picture," neglected to consider a significant factor, and did "not make a careful and individualized determination." In the asylum context, factual decisions of the IJ are reviewed under a substantial evidence standard. *Mulanga v. Ashcroft*, 349 F.3d 123, 131 (3d Cir. 2003); *see also Auguste v. Ridge*, 395 F.3d 123, 137-38 (3d Cir. 2005) (in a case involving solely the Convention Against Torture, the court noted that on direct review appellate courts normally reviewed factual decisions of the IJ under a substantial evidence standard). "We will uphold the findings of the BIA to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole, and will reverse those findings only if there is evidence so compelling that no reasonable fact-finder could conclude as the BIA did." *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir. 2003) (citation omitted). In order to qualify for relief under the Convention Against Torture, an applicant must "establish that it is more likely than not that he

---

[1]Because the BIA summarily affirmed the IJ's decision without opinion, we review the findings and conclusions of the IJ. *See Partyka v. Att'y Gen.*, 417 F.3d 408, 411 (3d Cir. 2005).

or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The regulations go on to state that the testimony of an applicant, if credible, "may be sufficient to sustain the burden of proof without corroboration." *Id.*

Although Wang alleges error below, he presents no evidence on appeal supporting this claim. In alleging that the IJ "ignored the overall picture," Wang fails to relate what exactly the overall picture involves. Similarly, he fails to explain his other claims of error. For example, although he hints that the IJ failed to consider a significant factor, he does not explain what that factor was. The IJ provided a reasoned and cogent analysis of the evidence. As stated above, while accepting Wang's testimony as credible, the IJ pointed out that there was little indication that the second-hand information relayed by Wang was reliable. In the end, the IJ simply noted that by asking for relief under the Convention Against Torture, and in not requesting asylum or withholding of removal, Wang bore the heavy burden of showing that it was more likely than not that he would be tortured should he return to his country and he had failed to meet that burden. Given that Wang's allegations of error are unsupported and that the IJ's decision appears well reasoned on its face, Wang has failed to present compelling evidence that no reasonable fact-finder could have concluded as the IJ did.

**C. BIA's Summary Affirmance**

Lastly, Wang challenges the BIA's summary affirmance of the IJ's decision as an error "as a matter of law" and an abuse of the BIA's discretion. However, Wang's objections to the summary affirmance procedure are misplaced. We have previously held that the BIA's use of this summary affirmance procedure is proper and that it neither violates due process nor runs afoul of the Immigration and Nationality Act. *Dia v. Ashcroft*, 353 F.3d 228, 238 (3d Cir. 2003). Accordingly, this argument is without merit.

DENIED.